# Third District Court of Appeal

## State of Florida

Opinion filed August 5, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D26-0014 & 3D26-0214
Lower Tribunal No. 19-16891-CA-01

_____


**Univision Communications, Inc., et al.,**
Appellants/Petitioners,

vs.

**Carlos Enrique Luna Lam, et al.,**
Appellees/Respondents.



An appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

A Case of Original Jurisdiction—Mandamus.

Podhurst Orseck, P.A., and Stephen F. Rosenthal and Christina H. Martinez; Ballard Spahr LLP, and Leita Walker (Minneapolis, MN), Seth D. Berlin and Lauren Russell (Washington, DC), for appellants/petitioners.

Nelson Mullins Riley & Scarborough LLP, and Beverly A. Pohl (Boca Raton) and Mark F. Raymond; Harder Stonerock LLP, and Dilan A. Esper, Lan P. Vu and Ryan J. Stonerock (Los Angeles, CA), for appellees/respondents.

Before SCALES, C.J., and LOGUE and GORDO, JJ.

SCALES, C.J.

In these consolidated cases, Univision Communications Inc., Univision Interactive Media, Inc., the Univision Network Limited Partnership, and Gerardo Reyes (collectively "Univision") seek to challenge – via both appeal (appellate case number 3D26-0014) and petitions for extraordinary relief (appellate case number 3D26-0214) – a January 2, 2026 nonfinal order ("Order") that, under Florida Rule of General Practice and Judicial Administration 2.515, strikes Univision's motion for judgment on the pleadings ("MJP"). Univision claims that by striking, rather than adjudicating, its MJP – a motion premised on section 768.295 of the Florida Statutes, Florida's Anti-SLAPP statute – the trial court erroneously deprived Univision of its right to appeal a potential nonfinal order denying its MJP. We dismiss Univision's appeal for lack of jurisdiction and deny Univision's petitions for extraordinary relief because, under the facts and circumstances of this case, the trial court did not depart from the essential requirements of law and had no ministerial duty to adjudicate, rather than strike, Univision's MJP.

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND[1]

---

[1] A more detailed case history is contained in Lam v. Univision Commc'ns, Inc., 329 So. 3d 190, 192 (Fla. 3d DCA 2021) (Lam I).

Univision is the defendant below in a defamation action filed by the plaintiffs, appellees Carlos Enrique Luna Lam and Iglesia Cristiana Casa de Dios (together "Plaintiffs"). On September 16, 2022, the trial court denied Univision's motion to dismiss that asserted Plaintiffs' operative second amended complaint was barred by the Anti-SLAPP statute. At that time, the trial court's nonfinal order denying Univision's dismissal motion was not an appealable order, so Univision sought certiorari review of the denial order in this Court. See Univision Commc'ns Inc. v. Lam, 350 So. 3d 145 (Fla. 3d DCA 2022) ("Lam II"). Relying on this Court's decision in Vericker v. Powell, 343 So. 3d 1278 (Fla. 3d DCA 2022) (Vericker I) – which was then pending review before the Florida Supreme Court – this Court dismissed Univision's certiorari petition for lack of jurisdiction. Lam II, 350 So. 3d at 145-46.

While Univision's petition for discretionary review of our Lam II decision was pending in the Florida Supreme Court, on March 27, 2025, our Supreme Court issued separate opinions approving our decision in Vericker I[2] and amending rule 9.130 to provide for interlocutory review of nonfinal orders that deny an Anti-SLAPP motion. See In re Amends. to Fla. Rule of App. Proc. 9.130, 406 So. 3d 937, 937-38 (Fla. 2025) (adding rule 9.130(a)(3)(J)). On September 12, 2025, the Florida Supreme Court – citing its Vericker II

---

[2] See Vericker v. Powell, 406 So. 3d 939, 946 (Fla. 2025) ("Vericker II").

3

decision – declined to accept jurisdiction of <u>Lam II</u>. <u>See</u> <u>Univision Commc'ns, Inc. v. Lam</u>, No. SC2022-1495, 2025 WL 2630679, at *1 (Fla. Sept. 12, 2025).[3]

Univision, in a transparent to effort avail itself of the new appellate rule, then filed below its October 15, 2025 MJP directed toward the same operative complaint that Univision had previously and unsuccessfully sought to dismiss. Plaintiffs moved to strike Univision's MJP under rule 2.515, claiming that the MJP is successive and that Univision, without "good grounds," had filed its MJP merely to delay the lower court proceedings. <u>See</u> Fla. R. Gen. Prac. & Jud. Admin. 2.515(d)(2)(B)-(C).

The trial court conducted a December 16, 2025 hearing on Plaintiffs' rule 2.515 motion and, on January 2, 2026, the court entered the challenged Order granting Plaintiffs' motion and striking Univision's MJP, without adjudicating its merits. Finding that Univision's MJP is "substantively identical" to Univision's prior, unsuccessful motion to dismiss Plaintiffs' second amended complaint, and that the newly added rule 9.130(a)(3)(J)

---

[3] It bears noting that, after the Florida Supreme Court issued its opinions in <u>Vericker II</u> and the companion rule amendment case, Univision sought the retroactive benefit of the rule amendment, asking the Florida Supreme Court, in <u>Lam II</u>, to order this Court to "treat Univision's certiorari petition as an interlocutory appeal under the amended version of Rule 9.130." The Florida Supreme Court declined Univision's invitation.

has no retroactive application, the Order strikes the MJP as violative of rule 2.515(d)(2)(B) (not supported by "good grounds") and (C) ("interposed for delay"). Univision then, in this Court, both appealed the Order (3D26-0014) and sought writs of certiorari and mandamus (3D26-0214). We, *sua sponte*, consolidated the two cases.

## II.    ANALYSIS

### A. Appellate Case 3D26-0014

In  3D26-0014, Univision tries to avail itself of the new amendment to rule 9.130(a)(3)(J), and claims that the Order is a reviewable nonfinal order that denies an Anti-SLAPP motion. See Fla. R. App. P. 9.130(a)(3)(J) (providing for interlocutory review of nonfinal orders that "*deny* a motion under section . . . 768.295(4), Florida Statutes") (emphasis added). Because, though, the Order plainly strikes Univision's MJP as violative of rule 2.515, rather than denies the MJP, under the plain language of rule 9.130(a)(3)(J) the Order is not reviewable. See generally St. John Med. Plans, Inc. v. Physician Corp. of Am., 711 So. 2d 1329, 1331 (Fla. 3d DCA 1998) (recognizing that an order striking a pleading does not adjudicate the pleading's merits). Because a rule 2.515 order striking a motion for judgment on the pleadings is not included in rule 9.130(a)(3)'s schedule of appealable nonfinal orders, without further discussion, we dismiss 3D26-0014 for lack of

appellate jurisdiction. <u>See</u> <u>Golde v. Pix Realty, L.P.</u>, 307 So. 3d 873, 874 (Fla. 3d DCA 2020) ("The Order is not a final appealable order and does not fall into one of the categories of non-final appealable orders set forth in Rule 9.130 of the Florida Rules of Appellate Procedure. As such, we dismiss for lack of jurisdiction.").

*B. Petition Case 3D26-0214*

Univision seeks issuance of (i) a writ of certiorari to quash the Order, and  (ii) a writ of mandamus compelling the trial court to enter an order that either "grants" or "denies" its MJP, so that, if denied, Univision can appeal the resulting nonfinal denial order under the new rule 9.130(a)(3)(J). Univision claims, without citation to authority, that the trial court departed from the essential requirements of law by not giving rule 9.130(a)(3)(J) retroactive effect because Univision was in the "pipeline" when the Florida Supreme Court issued <u>Vericker II</u> and amended rule 9.130(a). Univision alternately claims, again without citation to authority, that a trial court lacks the authority to strike, under rule 2.515, any motion that, if adjudicated, could render a nonfinal order appealable under rule 9.130(a). Finally, Univision claims the trial court struck its MJP solely to prevent this Court from exercising our appellate jurisdiction over an order denying the MJP. We disagree with each claim.

1. No rule 9.130(a)(3)(J) retroactivity

Underpinning Univision's arguments is its erroneous notion that it is *entitled*, as a matter of substantive law, to retroactive application of rule 9.130(a)(3)(J). It is not.

"[R]ules of procedure are prospective unless specifically provided otherwise." Mendez-Perez v. Perez-Perez, 656 So. 2d 458, 460 (Fla. 1995). The plain language of the case amending a rule of procedure generally controls the question of retroactivity. Id. at 460 ("We find the plain language of In re Amendments controlling. The amendment to rule 1.540(b) did not take effect until January 1, 1993."). Here, the Florida Supreme Court's opinion amending rule 9.130(a) to provide for interlocutory appeals of nonfinal orders denying Anti-SLAPP motions is clear that the rule amendment "bec[ame] effective immediately on the release of this opinion," on March 27, 2025. In re Amends. to Fla. Rule of App. Proc. 9.130, 406 So. 3d at 938. Our Supreme Court provided no retroactivity for rule 9.130(a)(3)(J).

But the Florida Supreme Court, if it chooses, may make a prospective rule amendment applicable to a party that is in the appellate "pipeline" when the amendment becomes effective. See Fla. Highway Patrol v. Jackson, 288 So. 3d 1179, 1186 (Fla. 2020) ("Our decision is without prejudice to [the

7

petitioner] to argue sovereign immunity to the trial court pursuant to this opinion and, if necessary, to seek interlocutory review under the new version of rule 9.130."). Unlike in <u>Jackson</u>, there is no language in <u>Vericker II</u> permitting the <u>Vericker II</u> petitioner – or any "pipeline" petitioner – to reargue his or her Anti-SLAPP motion in the trial court and, if denied, to seek interlocutory appellate review under the new rule 9.130(a)(3)(J). <u>See</u> <u>Jackson</u>, 288 So. 3d at 1186; <u>Godwin v. Michelini</u>, 433 So. 3d 882, 886 (Fla. 2d DCA 2025), <u>review denied</u>, No. SC2025-1369, 2026 WL 1459664 (Fla. May 22, 2026) ("Nothing in <u>Vericker [II]</u> or the amendment to rule 9.130(a)(3) indicated that pending petitions for writ of certiorari should be converted to appeals from nonfinal orders denying motions filed pursuant to the Anti-SLAPP statute.").[4]

---

[4] Univision alternately suggests that it is technically not seeking retroactive application of the new rule because it filed its MJP after the new rule's effective date. The problem with Univision's argument is that the trial court specifically found Univision's MJP to be "substantively identical" to Univision's prior motion to dismiss the same operative complaint. This finding is borne out by the record. We agree with the trial court that Univision's MJP is little more than a successive dismissal motion directed toward the exact same complaint. Univision cites to us no authority concluding a trial court departs from the essential requirements of law by striking a successive motion that is identical to one previously adjudicated, on the merits, by the trial court. <u>See, e.g.</u>, <u>Wilmington Tr. Co. v. Normandy Shores Apartment Condo. Ass'n</u>, 352 So. 3d 520, 521 (Fla. 3d DCA 2022) (concluding the trial court could have stricken a successive rule 1.540 motion that attempted to relitigate issues adjudicated by a prior post-judgment order).

The amendment to rule 9.130(a)(3)(J), therefore, had no retroactive effect so as to entitle Univision to reassert and reargue its Anti-SLAPP claim below in what amounts to a successive motion directed toward Plaintiffs' operative complaint.[5] Thus, the trial court did not depart from the essential requirements of law by refusing to give Univision the benefit of retroactive application of rule 9.130(a)(3)(J). See Fla. Dep't of Agric. & Consumer Servs. v. Cox, 947 So. 2d 561, 565 (Fla. 4th DCA 2006) (concluding the trial court did not depart from the essential requirements of law by properly exercising the discretion conferred on it by a Florida rule of civil procedure).

2. The trial court's rule 2.515 authority to strike

In the Order, the trial court – finding that Univision's MJP is "substantively identical" to Univision's prior, unsuccessful motion to dismiss

---

[5] Because the trial court struck Univision's MJP, the action below proceeds as though Univision's MJP had not been filed. See Fla. R. Gen. Prac. & Jud. Admin. 2.515(a). Notwithstanding anything in the Order to the contrary, Univision may still raise the Anti-SLAPP statute at a later stage in the proceedings, in a motion for summary judgment. See § 768.295(4), Fla. Stat. (2026) ("The person or entity may file a motion for summary judgment, together with supplemental affidavits, seeking a determination that the claimant's or governmental entity's lawsuit has been brought in violation of this section."). Univision's ability to immediately appeal any order denying such a summary judgment motion pursuant to the new rule significantly undercuts Univision's claim that the Order has resulted in irreparable harm.

9

Plaintiffs' operative complaint – determined that the MJP was interposed for delay and lacks good grounds. See Fla. R. Gen. Prac. & Jud. Admin. 2.515(d)(2)(B)-(C). Here, Univision readily acknowledges, albeit in the abstract, that rule 2.515(a) generally grants the trial court authority to strike such motions. Univision, though, claims that rule 2.515 is somehow inapplicable to its MJP because, if denied, the resulting nonfinal order would be appealable under rule 9.130(a)(3)(J). According to Univision, a trial court both (i) departs from the essential requirements of law (warranting certiorari relief) when it strikes such a motion, and (ii) has a ministerial duty either to "grant" or "deny" any motion that, if denied, would result in an appealable nonfinal order (warranting mandamus relief).

Univision, though, cites no case or other authority – and we have found none – that prevents a trial court from exercising its explicit rule 2.515 authority to strike, rather than "deny" or "grant," a motion simply because striking, rather than adjudicating, the motion would deprive the movant of the opportunity to file an interlocutory appeal. We decline Univision's invitation to be Florida's first court to render rule 2.515 inapplicable to such motions, especially in this case where the trial court has expressly found that, in violation of rule 2.515, the successive MJP was signed without good grounds and interposed for the purposes of delay.

10

3. Subjective motivation of the trial court

Finally, Univision argues that, notwithstanding the findings in the Order, the real reason the trial court struck, rather than adjudicated, its MJP was to prevent Univision its right, under rule 9.130(a)(3)(J), to seek interlocutory appellate review of a resulting order denying its MJP. Citing Bishop v. Chillingworth, 154 So. 254, 256-57 (Fla. 1934), Univision suggests that mandamus lies to ensure that the lower court does not unduly hinder or prevent the exercise of our appellate jurisdiction.

In Bishop, the Florida Supreme Court found that mandamus may be used to compel a trial court to rule on a timely-filed motion for a new trial that was stricken by the court as untimely. Id. at 257. We do not read Bishop so broadly (nor does any other Florida court) as to prohibit a trial court from striking, rather than adjudicating, a successive motion that it finds violative of rule 2.515. Bishop did not involve a court striking, rather than adjudicating, a successive motion. We are also loath to speculate, as Universal wishes us to do, on the trial court's subjective motivations for striking its MJP – especially when, as here, the trial court fully explicated its reasoning in the Order.[6]

_____

[6] Underpinning the dissent is its assertion, as if it were fact, that the trial court's "sole purpose" for entering the Order was to thwart Univision's appellate remedies. See Dissent at 14, 19, 21, 23. The Order, though,

11

## III.  CONCLUSION

In 3D26-0014, we dismiss Univision's appeal of the Order because rule 9.130(a)(3)(J) does not authorize an interlocutory appeal of an order striking an Anti-SLAPP motion. In 3D26-0214, we deny Univision's petition for writ of certiorari directed at the Order because the trial court did not depart from the essential requirements of the law by striking, rather than adjudicating, Univision's MJP. Similarly, the trial court did not have a ministerial duty, enforceable by mandamus, either to "grant" or "deny" Univision's MJP.[7]

contradicts such speculation. With regard to its conclusion that Univision lacked "good grounds" to bring its successive motion, the Order states that Univision "[has] not identified any substantive change in the governing law – on pleading, defamation, or law of the case – or the material facts of this case that would alter the analysis, legal test, or outcome of this MJP from their prior motion to dismiss." With regard to delay, the Order states that the case has been pending more than six and a half years and Univision filed three separate motions to delay discovery and other proceedings in the case. Irrespective of the appealability of an order adjudicating the MJP's merits, in light of these express findings, which are amply supported by our record, rule 2.515 unambiguously authorized the trial court to exercise its discretion to strike the MJP.

[7] We acknowledge that the Florida Supreme Court added rule 9.130(a)(3)(J) to implement the Legislature's intent that unmeritorious lawsuits brought primarily in retaliation for someone exercising their free speech rights be "expeditiously disposed of by the courts." § 768.295(1), Fla. Stat. (2026); Vericker II, 406 So. 3d at 946. And that as a result of this opinion, Univision is not entitled to immediate appellate review of the Order striking its successive Anti-SLAPP motion (MJP). But because we lack appellate jurisdiction to review the Order, we are confined to express no opinion on the correctness of the Order's rule 2.515 findings. Our opinion merely recognizes that the lower court's exercise of its rule 2.515(a) authority to strike

12

Appeal dismissed; petition denied.

GORDO, J., concurs.

---

Univision's MJP does not, under this case's unique circumstances, warrant certiorari or mandamus relief.

LOGUE, J. (concurring in part and dissenting in part).

The Florida Supreme Court granted parties the right to an immediate, interlocutory appeal of orders that "deny" Anti-SLAPP motions. Here, the trial court seized on the term "deny." Instead of "denying" the Anti-SLAPP motion at issue, the trial court "struck" it. The trial court adopted this admittedly ingenious expedient for the express purpose of blocking the party that filed the Anti-SLAPP motion from taking an interlocutory appeal. The trial court expressly stated that it did so for the purpose of avoiding the possible delays that might result if the movant took the appeal.

To me, the trial court's action of striking the motion for the express purpose of foreclosing the interlocutory appeal circumvents the Florida Supreme Court's constitutional authority to establish such appeals. While the trial court may strike motions for many reasons, it may not strike a motion for the sole purpose of blocking parties from taking appeals authorized by the Florida Supreme Court. I respectfully dissent.

## Background

This case stems from a defamation action by Carlos Enrique Luna Lam, the pastor of Iglesia Cristiana Casa de Dios in Guatemala, against three entities of the Univision Communications network and one of its

reporters (hereinafter jointly, "Univision"). Lam complains of stories published by Univision stating Lam accepted money from a drug cartel boss to build his church. Lam avers Univision should have been aware that its sources for the story were unreliable.

This is this case's third visit to this Court. In the first visit, we affirmed the dismissal of the complaint for failure to allege actual malice but reversed the refusal to allow Lam to amend. Lam v. Univision Commc'ns, Inc., 329 So. 3d 190, 192 (Fla. 3d DCA 2021). In the second visit, after Lam amended, Univision sought review of the trial court's denial of its May 27, 2022 motion to dismiss under the Anti-SLAPP statute, section 768.295(4), Florida Statutes, and we held a petition for certiorari was not available to obtain review of that nonfinal order. Univision Commc'ns, Inc. v. Lam, 350 So. 3d 145, 145-46 (Fla. 3d DCA 2022).

After the second visit, the Florida Supreme Court amended the governing rules to authorize a party to appeal a nonfinal order denying a motion under the Anti-SLAPP statute. In re Amends. to Fla. Rule of App. Proc. 9.130, 406 So. 3d 937, 939 (Fla. 2025); Fla. R. App. P. 9.130(a)(3)(J). On October 15, 2025, three years after its motion to dismiss was denied, Univision filed a motion for judgment on the pleadings under the Anti-SLAPP statute. Its grounds were similar, if not identical, to the grounds of its motion

15

to dismiss which the trial court had previously denied. Its purpose in filing the motion included its intent to obtain review under the amended rule authorizing such appeals.

The trial court found that Univision filed the motion because it "wish[ed] to avail itself of the opportunity for immediate appeal," and therefore the motion was "interposed for delay" in violation of Florida Rule of General Practice and Judicial Administration 2.515(d)(2)(C). In other words, knowing that amended Rule 9.130(a)(3)(J) allowed Univision to appeal a "nonfinal order" that denied an Anti-SLAPP motion, the trial court refused to "deny" the motion and "struck" it instead.

Now in the third visit, Univision petitions for a writ of mandamus or alternately for a writ of certiorari or all writs. It seeks to force the trial court to rule on the merits of its motion for judgment on the pleadings under the Anti-SLAPP statute, which the trial court is refusing to do in order to preclude an immediate appeal under Rule 9.130(a)(3)(J).

### Analysis

The Florida Constitution provides the Florida Supreme Court the power and responsibility to adopt rules authorizing appeals of interlocutory or nonfinal orders to the district courts of appeal: "District courts of appeal . . . may review interlocutory orders in such cases to the extent provided by rules

16

adopted by the supreme court." Art. V, § 4(b)(1), Fla. Const. Pursuant to this constitutional authority, the Florida Supreme Court amended the governing appellate rules to allow nonfinal appeals of orders denying motions under the Anti-SLAPP statute:

> (3) Appeals to the district courts of appeal of nonfinal orders are limited to those that:
>
> . . . .
>
> (J) deny a motion under section 718.1224(5), 720.304(4)(c), or 768.295(4), Florida Statutes.

Fla. R. App. P. 9.130(a)(3)(J). In allowing the appeal of such nonfinal orders, the Florida Supreme Court explained that "immediate review of nonfinal orders denying qualifying Anti-SLAPP motions under sections 718.1224(5), 720.304(4)(c), or 768.295(4), Florida Statutes (2024), conforms to the Legislature's direction that Anti-SLAPP claims are to be resolved 'at the earliest possible time.'" Vericker v. Powell, 406 So. 3d 939, 946 (Fla. 2025).

Univision has petitioned for "mandamus and/or certiorari" and alternatively for all writs. In any event, we must treat the petition as one for the proper remedy. Fla. R. App. P. 9.040(c). The proper remedy here is certiorari. The requirements for issuance of certiorari are well known. "Properly stated in its modern form, which puts the jurisdictional element first, a party seeking a writ of certiorari must establish '(1) a material injury in the

17

proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law.'" Schaeffer v. Medic, 394 So. 3d 128, 130–31 (Fla. 3d DCA 2024) (quoting Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012) (footnote omitted)).

I believe the requirements for certiorari exist here. Univision would have the right to an immediate appeal if the trial court ruled on the merits and denied its motion. If the trial court's action stands, Univision's right to an immediate appeal will be forever lost: the right to an interlocutory appeal cannot be recovered in a final appeal. That is a material harm that cannot be remedied at the end of the case.

I also believe the expedient adopted by the trial court – again for the express purpose of foreclosing Univision from obtaining the immediate appeal authorized by the Florida Rules of Appellate Procedure – is a departure from the essential requirements of law. "A departure from the essential requirements of law occurs 'when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Rosich-Medina v. Chilaud, 426 So. 3d 578, 581 (Fla. 3d DCA 2025) (quoting Combs v. State, 436 So. 2d 93, 96 (Fla. 1983)). Clearly established law "can derive from a variety of legal sources, including recent controlling case law,

rules of court, statutes, and constitutional law." <u>Allstate Ins. Co. v. Kaklamanos</u>, 843 So. 2d 885, 890 (Fla. 2003).

The trial court's clever expedient violates two essential requirements of law. First, the trial court's deprivation of Univision's right to an immediate appeal is a departure from the essential requirements of law reflected in Rule 9.130(a)(3)(J), which granted Univision the right to appeal. In their wisdom, the people of Florida entrusted the Florida Supreme Court – not the circuit courts – with the power to authorize interlocutory appeals by rule. Art. V, § 4(b)(1), Fla. Const. (authorizing district courts to "review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court"). By permanently foreclosing Univision of its right to an interlocutory appeal, the trial court is overriding the letter and spirit of an interlocutory appeal authorized by the Florida Supreme Court under its constitutional power. The trial court's action of striking the motion for the express purpose of foreclosing the appeal is an obvious circumvention of the Florida Supreme Court's judicial authority to establish such immediate appeals.

Moreover, under the rules promulgated by the Florida Supreme Court, the only delays involved in an interlocutory appeal result from stays issued by the trial court or the district court: "In the absence of a stay, during the pendency of a review of a nonfinal order, the lower tribunal may proceed with

19

all matters, including trial or final hearing, except that the lower tribunal may not render a final order disposing of the cause pending such review absent leave of the court." Fla. R. App. P. 9.130(f). For a trial court to adopt this expedient to avoid delays resulting from possible stays entered by this Court under Rule 9.310(f) circumvents this Florida Supreme Court rule as well.

Second, the trial court's action is a departure from the essential requirements of law reflected in Rule 2.515(d)(2)(C) itself. Rule 2.515 prohibits a party from signing a document filed in court where the signer failed to have good grounds to support the motion or where the document is "interposed for delay." Its provisions are intended to provide a basis for holding signers responsible for documents filed in bad faith or with extreme neglect. It envisions a finding, perhaps based on an evidentiary hearing, to determine if the document was "signed with the intent to defeat the purpose of the rule." U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Petre, 308 So. 3d 166, 169 (Fla. 4th DCA 2020).

Here, without holding such a hearing, the trial court used Rule 2.515 to strike a motion rather than deny it for the express purpose, as stated by the trial court in its order, of preventing Univision from availing itself of an "immediate appeal." As mentioned above, however, the Florida Supreme Court amended Rule 9.130(a)(3)(J) precisely to allow interlocutory review of

20

nonfinal orders denying qualifying Anti-SLAPP motions. Vericker, 406 So. 3d at 946. Univision's filing of a motion with the intent of taking an immediate nonfinal appeal as authorized by the Florida Supreme Court does not reflect the sort of bad faith, improper motive, or neglect that would trigger the application of Rule 2.515. Frankly, nothing in this record reflects any motive on the part of Univision other than a good faith effort to have its motion ruled upon on the merits, and if denied, to have a review in this Court of such denial on the merits as authorized by the Florida Supreme Court.

It is a departure from the essential requirements of law to use Rule 2.515 in these circumstances to circumvent, evade, or frustrate an immediate appeal authorized by the Florida Supreme Court by the device of striking, rather than ruling on the merits of a motion. Bishop v. Chillingworth, 154 So. 254, 257 (Fla. 1934) ("To deny relator the right to have his motion for a new trial ruled on by the circuit court in the first instance operates to hinder, delay, and prevent, if not to entirely deny, appellate proceedings in error being pursued before the Supreme Court on the merits of the motion . . . ."); Atrium Med. Corp. v. MSP Recovery Claims, Series, LLC, 367 So. 3d 573, 575 (Fla. 3d DCA 2023) (granting similar petitions where, as here, the trial court's refusal to act was "effectively preclud[ing] . . . review"). While the trial court may strike motions under Rule 2.515 for many reasons, it may not

21

strike a motion for the sole purpose of blocking parties from taking appeals authorized by the appellate rules.

For these reasons, I take issue with three arguments adopted by the majority. First, the trial court's misuse of Rule 2.515 to block an appeal authorized by the rules is not justified, as the majority claims, because Univision's motion for judgment on the pleadings is "a successive motion that is identical to one previously adjudicated, on the merits, by the trial court." The prior motion was a motion to dismiss filed on May 27, 2022. The subject motion is a motion for judgment on the pleadings filed over three years later on October 15, 2025. The governing rules allow a party who filed a motion to dismiss to subsequently file a motion for judgment on the pleadings. See Fla. R. Civ. P. 1.140(b)-(c). While the two motions are based on the pleadings and similar in many ways, they are far from identical. Here, along with the other differences, the circumstances surrounding the filing – including the passage of over three and a half years between the filing of the two motions and the amendment to Rule 9.130(a)(3)(J) allowing interlocutory appeals that occurred in the interim – reflect significantly changed circumstances.

I also disagree with the majority's claim that Univision is seeking a retroactive application of the amendment to Rule 9.130 authorizing

22

interlocutory appeals of the denial of Anti-SLAPP motions. The motion at issue was filed after the effective date of the rule change in a pending case. Application of the rule amendment to this case does not implicate any retroactive/prospective analysis.

Finally, I disagree with the majority's characterization that Univision is asking for a ruling that Rule 2.515 <u>never</u> applies to a motion that may lead to an interlocutory appeal. Univision's argument is more modest. It seeks only a ruling that a trial court cannot "strike" rather than "deny" a motion that may lead to an interlocutory appeal for the sole purpose, as admitted here by the trial court, of preventing an interlocutory appeal authorized by the Florida Supreme Court. I would issue this ruling. Whether an interlocutory appeal is appropriate is outside the bailiwick of the trial court.

For these reasons, I believe we should grant the petition, quash the order under review, and allow the trial court to rule on the merits of the motion. In so ruling, of course, I would take no position on the merits of the motion or of any appeal that might result.[8]

---

[8] I concur in dismissing Univision's appeal of the trial court's nonfinal order striking (rather than denying) Univision's motion filed under the Anti-SLAPP statute, section 768.295(4), Florida Statutes. A nonfinal order striking a document under Florida Rule of General Practice and Judicial Administration 2.515(d)(2)(C) is not one of the interlocutory appeals authorized by Florida Rule of Appellate Procedure 9.130.

I respectfully dissent.